UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
STEVEN BATES,

                                         Plaintiff,

  -against-

CHRISTOPHER FLEMING; SID CAESAR; GREGORY CARTY; ROBERT KELLY; ANGUS MCKENZIE; JOHN and JANE DOE 1 through 5, individually and in their official capacities (the names John Doe and Jane Doe being fictitious, as the true names are presently unknown),

                                         Defendants.
-----------------------------------------------------------------------X

*FIRST AMENDED COMPLAINT AND JURY DEMAND*

Docket No.
    1:15-cv-9506

ECF CASE

Plaintiff STEVEN BATES, by his attorney John Paul DeVerna, Esq. of DeVerna Law, for his complaint against the above Defendants alleges as follows:

**PRELIMARY STATEMENT**

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments to the United States Constitution.

2. The claim arises from a January 8, 2015 incident in which Defendants, acting under color of state law, unlawfully stopped and arrested Mr. Bates without probable cause. Mr. Bates initially spent approximately 48 hours unlawfully in police custody. At his arraignment bail was set and he remained in custody until January 14, 2015. On or about April 1, 2015, Mr. Bates' case was dismissed and sealed.

3. Plaintiff seeks monetary damages (special, compensatory and punitive) against Defendants, as well as an award of costs and attorneys' fees, and such other and further relief as the

1

Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988.

5. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4).

## VENUE

6. Venue is laid within the Southern District of New York in that a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b).

## PARTIES

7. Plaintiff STEVEN BATES ("Plaintiff" or "Mr. Bates") resided at all times in Bronx County, in the City and State of New York.

8. Defendant Christopher Fleming, Shield No. 3829 ("Fleming") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Fleming was, at the time relevant herein, a Detective under Shield # 3829 in the Narcotics Borough Manhattan North. Defendant Fleming is sued in his individual capacity.

9. Defendant Sid Caesar, Shield No. 2062 ("Caesar") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Caesar was, at the time relevant herein, a Detective under Shield # 2062 in the Narcotics Borough Manhattan North. Defendant Caesar is sued in his individual capacity.

10. Defendant Gregory Carty, Shield No. 02497 ("Carty") was, at all times here relevant, a

detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Carty was, at the time relevant herein, a Detective under Shield # 02497 in the Narcotics Borough Manhattan North. Defendant Carty is sued in his individual capacity.

11. Defendant Robert Kelly, Shield No. 03349 ("Kelly") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Kelly was, at the time relevant herein, a Sergeant under Shield # 03349 in the Narcotics Borough Manhattan North. Defendant Kelly is sued in his individual capacity.

12. Defendant Angus McKenzie, Shield No. 06284 ("McKenzie") was, at all times here relevant, a detective employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant McKenzie was, at the time relevant herein, a police officer under Shield # 06284 in the Narcotics Borough Manhattan North. Defendant McKenzie is sued in his individual capacity.

13. At all times relevant Defendants John and Jane Doe 1 through 5 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 5.

14. At all times relevant herein, Defendants John and Jane Doe 1 through 5 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 5 are sued in their individual and official capacities.

15. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

## **FACTUAL CHARGES**

16. On January 8, 2015, at approximately 4:18 p.m., Mr. Bates was in the vicinity of 1990 7th Ave., New York, NY.

17. Mr. Bates was not committing any crime or violating any law or local ordinance.

18. The Defendants, including Defendant Caesar, unlawfully stopped Mr. Bates.

19. The Defendants did not observe Mr. Bates committing any crime or violating any law or local ordinance.

20. Defendants, including Defendant Caesar, searched Plaintiff's person without his authority or permission.

21. No contraband or anything of illegality was found on Mr. Bates.

22. Mr. Bates questioned why they were stopping him.

23. Defendants cursed at Mr. Bates and instructed Mr. Bates to stop talking.

24. Defendants, including Defendant Caesar, acting in concert, violently threw Mr. Bates against the wall, grabbed his arms, twisted his arms, and unlawfully handcuffed Mr. Bates in an excessively tight manner, causing pain and marks to his wrists.

25. Defendants, including Defendant Caesar, placed Mr. Bates under arrest.

26. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. Bates.

27. Mr. Bates did not resist arrest.

28. Based on information and belief, a Defendant supervisor, was present on the scene and did not stop the unlawful arrest of Mr. Bates.

29. An Defendants, including Defendant Caesar, then placed Mr. Bates into an NYPD vehicle and drove to the 25th Precinct.

30. Defendants failed to secure Plaintiff using a passenger safety device (seatbelt) while transporting Plaintiff to the 25th Precinct.

31. Defendants intentionally drove to the 25th Precinct in an unnecessarily aggressive manner.

32. Because Plaintiff was handcuffed and unable to brace himself, Defendants intentional aggressive driving caused Plaintiff to suffer injuries to his head, neck, body, and limbs.

33. Mr. Bates was unlawfully held in police custody for approximately 24 hours before being arraigned.

34. At arraignments, the bail was set and Mr. Bates remained in custody until he was released on January 14, 2015 pursuant to C.P.L. § 180.80.

35. After multiple court appearances, on or about April 1, 2015, Mr. Bates's case was dismissed and sealed.

36. Defendants, acting with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Criminal Sale of a Controlled Substance in the Third Degree.

37. Defendants, including Defendants Caesar, Fleming, Cary, Kelly, and McKenzie, prepared false sworn affidavits and false police reports relating to Mr. Bates' arrest.

38. Defendants, including Defendants Caesar, Fleming, Cary, Kelly, and McKenzie, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Bates' arrest.

39. Those reports were forwarded to one or more prosecutors at the Bronx County District Attorney's office.

40. Upon information and belief, Defendants spoke to one or more prosecutors at the Bronx County District Attorney's office and falsely informed them that Mr. Bates' sold a

controlled substance.

41. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Bates and violate his civil rights.

42. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Bates without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Bates without probable cause.

43. At all times relevant hereto, Defendants were involved in the decision to violate Mr. Bates' civil rights, including falsely arresting Plaintiff, and failed to intervene in the actions of their fellow officers.

44. As a direct and proximate result of the acts of Defendants, Mr. Bates suffered the following injuries and damages: violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of wages, loss of liberty and harm to reputation.

### FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

45. The above paragraphs are here incorporated by reference as though fully set forth.

46. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

47. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment
Under 42 U.S.C. § 1983 Against Individual Defendants

48. The above paragraphs are here incorporated by reference as though fully set forth.

49. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

50. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

51. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

52. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

53. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CAUSE OF ACTION
Denial of Right to Fair Trial
Under 42 U.S.C. § 1983 Against Individual Defendants

54. The above paragraphs are here incorporated by reference as though fully set forth.

55. The above paragraphs are here incorporated by reference as though fully set forth.

56. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Bates possessed a controlled substance, sold marihuana, and possessed marihuana.

57. The individual Defendants forwarded false evidence to prosecutors in the Bronx County

District Attorney's office.

58. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

59. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Failure to Intervene
Under 42 U.S.C. § 1983 Against Individual Defendants

60. The above paragraphs are here incorporated by reference as though fully set forth.

61. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

62. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

63. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CAUSE OF ACTION
Deprivation of Federal Civil Rights Against Defendants
Under 42 U.S.C. §§ 1981, 1983, and 1985

64. The above paragraphs are here incorporated by reference as though fully set forth.

65. In an effort to find fault to use against the Plaintiff, defendant officers conspired among themselves, and conspired with others to deprive Plaintiff of his Constitutional rights

under 42 U.S.C. §§ 1981, 1983, and the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and took numerous overt steps in furtherance of such conspiracy, as set forth above.

66. Thus defendant officers engaged in a conspiracy designed to deprive Plaintiff of his constitutional and federal rights in violation of U.S.C. §1985.

67. As a result of the foregoing, Plaintiff was deprived of his liberty, suffered physical pain, emotional distress, great anxiety and humiliation, fear and damage to his reputation, and was otherwise damaged and injured.

### SIXTH CAUSE OF ACTION
Malicious Prosecution
Under 42 U.S.C. §1983 Against Individual Defendants

68. The above paragraphs are here incorporated by reference as though fully set forth.

69. By their conduct, as described herein, Defendants are liable to Plaintiff for the violation of his constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

70. Defendants, acting with malice, initiated a prosecution against Plaintiff and caused him to be prosecuted.

71. The prosecution by Defendants of Plaintiff constituted malicious prosecution in that there was no basis for Plaintiff's arrest, yet Defendants continued with the prosecution, which was resolved in Plaintiff's favor.

72. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

- a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;
- b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;
- c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;
- d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and
- e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: July 29, 2016
New York, New York

**JOHN PAUL DEVERNA**
Counsel for the Plaintiff

_____
By: John Paul DeVerna (JD4332)
DeVerna Law
305 Broadway, 14th Floor
New York, NY 10007
(212) 321-0025 (office)
(212) 321-0024 (fax)